## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PROGRESSIVE COUNTY
MUTUAL INSURANCE
COMPANY,

     Plaintiff,

     v.

KEECHI TRANSPORT LLC; and
STAR K LOGISTICS CORP.,

     Defendants.

Case No. 6:22-cv-2170-JSS-RMN

## <u>REPORT AND RECOMMENDATION</u>

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Judgment on the Pleadings and Motion for Entry of Final Default Judgment (Dkt. 114), filed February 6, 2024 ("Motion"). The Motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend that the Motion be denied and this matter dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

On June 21, 2022, Plaintiff instituted this action seeking a declaratory judgment against Defendants Keechi Transport LLC and Star K Logistics Corp., along with since terminated Defendants Amazon.com, Inc., Amazon Logistics, Inc., Scott Atkinson as personal representative of the Estate of Jorge

Felix Martinez Sanchez (hereinafter "Scott Atkinson"), and Joseph Ulibarri, Jr. as personal representative of the Estate of Travis Ruiz Pizarro (hereinafter "Joseph Ulibarri, Jr."). Dkt. 1. The lawsuit arises from a single vehicle, double fatality accident in which Jorge Felix Martinez Sanchez and Travis Ruiz Pizarro (collectively, the "Decedents") were killed while operating a commercial motor vehicle in New Mexico ("Accident"). Dkt. 1 ¶ 1. The truck that Decedents were in was leased to Defendant Keechi Transport LLC, who is the named insured under Commercial Auto Policy No. 03291586-0 ("Policy") issued by Plaintiff. *Id.*; Dkt. 1-1.

Scott Atkinson and Joseph Ulibarri, Jr. filed a wrongful death action in New Mexico against Amazon.com, Inc., Amazon Logistics, Inc. and Defendants Keechi Transport LLC and Star K Logistics Corp ("State Lawsuit"). Dkt. 1 ¶1.[1] Plaintiff alleges that those parties in the State Lawsuit have made demands for indemnity and have raised defenses under the Policy it issued to Defendant Keechi Transport LLC. *Id.*

---

[1] A case number or accompanying documents for the State Lawsuit were not provided to the Court. But the undersigned believes it is D-412-CV-202200032 and the State Lawsuit docket is available by searching that case number at https://caselookup.nmcourts.gov/caselookup/app?component=dl2&page=SearchDetail&service=direct&session=T. The documents filed in the State Lawsuit do not appear to be publicly accessible via this docketing system.

Plaintiff is seeking a declaratory judgment that the Policy—which includes a federal MCS-90 endorsement[2]—does not provide bodily injury coverage for the claims in the State Lawsuit, does not insure the vehicle involved in the Accident, and does not create a duty for Plaintiff to indemnify or defend any party in the State Lawsuit. Dkt. 1 ¶ 22. Plaintiff alleges that the Accident is excluded from coverage pursuant to the following terms of the Policy: (1) Exclusion 3, excluding coverage for claims subject to worker's compensation law or a similar type of law; (2) Exclusion 5, excluding coverage for claims for bodily injury arising out of the insured's employee's course of employment with the insured, or through performing duties related to the conduct of the insured's business; (3) Exclusion 6, excluding coverage for claims for bodily injury arising out of the insured's fellow employee's course of employment with the insured, or through performing duties related to the conduct of the insured's business; (4) MCS-90 endorsement, excluding coverage for claims arising from the injury or death of insured employees while engaged in the course of their employment; and (5) Part I Insuring Agreement,

---

[2] An MCS-90 form, officially known as the Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980, is an endorsement to automobile liability policies issued to certain regulated motor carriers that ensures federally mandated coverage is provided by the policy. *See* 49 C.F.R. §§ 387.7, 387.15.

providing coverage only for the insured auto—which is not the vehicle involved in the Accident. *Id.* ¶¶ 16, 18.

On February 7, 2023, Plaintiff with Scott Atkinson and Joseph Ulibarri, Jr. filed a Joint Motion Binding Defendants to Court's Declaration of Coverage. Dkt. 52. Then on April 3, 2023, Plaintiff with Amazon.com Inc. and Amazon Logistics, Inc. filed a Joint Motion Binding Defendants to Court's Declaration of Coverage. Dkt. 74. In the Joint Motions, the involved parties informed the Court that they did not contest the allegations of the Complaint that the Policy issued by Plaintiff to Defendant Keechi Transport LLC does not provide bodily injury liability coverage nor coverage under the MCS-90 for the deaths of Decedents and agreed that Plaintiff has no duty to defend or to indemnify them or Defendants. Dkt. 52 ¶ 1; Dkt. 74 ¶ 1. Further, each stated that in lieu of their participation in this case, they agreed to be bound by the declaratory judgment entered by the Court. Dkt. 52 ¶ 2; Dkt. 74 ¶ 2.

Then, on April 6, 2023, assigned Magistrate Judge issued a Report and Recommendation which recommended granting the Joint Motions (Dkts. 52, 74). Dkt. 82. On May 2, 2023, the Court adopted and confirmed the Report and Recommendation, ordered that Scott Atkinson, Joseph Ulibarri, Jr., Amazon.com, Inc., and Amazon Logistics, Inc. shall be bound by any declaratory judgment issued in this action for all purposes, and directed the Clerk to terminate those parties from this action. Dkt. 85.

As a result of that Order (Dkt. 85), Defendant Keechi Transport LLC and Defendant Star K Logistics Corp. are the only remaining parties. Defendant Star K Logistics Corp. was served with the Complaint on July 17, 2023. Dkt. 98-6. Defendant Star K Logistics Corp. failed to timely respond and so, the Clerk of Court entered default on September 13, 2023. Dkt. 100. Defendant Keechi Transport LLC was served with the Complaint on November 30, 2023. Dkt. 110-1. Defendant Keechi Transport LLC failed to timely respond and so, the Clerk of Court entered default on January 4, 2024. Dkt. 113.

Plaintiff now moves for judgment on the pleadings against Amazon.com, Inc., Amazon Logistics, Inc., Scott Atkinson, and Joseph Ulibarri, Jr. and for entry of final default judgment against Defendants Keechi Transport LLC and Star K Logistics Corp. Dkt. 114. The matter is ripe for review.

## II.  ANALYSIS

Plaintiff's Motion appears to move both for judgment on the pleadings and for entry of final default judgment. Dkt. 114. I will analyze the requests separately and address each in turn below.

### A.  Motion for Judgment on the Pleadings

*First*, Plaintiff is seeking a judgment on the pleadings against Amazon.com, Inc., Amazon Logistics, Inc., Scott Atkinson, and Joseph Ulibarri, Jr. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a

matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id.*

Judgment on the pleadings is inappropriate. Amazon.com, Inc., Amazon Logistics, Inc., Scott Atkinson, and Joseph Ulibarri, Jr. were terminated as parties on May 2, 2023. Dkt. 85. Plaintiff need not move for any additional relief regarding the terminated parties. The Court has already ordered that each shall be bound by any declaratory judgment issued in this action as to the remaining Defendants. Dkt. 85. Accordingly, I recommend that the Court deny the Motion as moot to the extent that it is seeking judgment on the pleadings.

**B.  Motion for Entry of Final Default Judgment**

*Next*, Plaintiff is seeking entry of final default judgment against Defendants Keechi Transport LLC and Star K Logistics Corp.

**i.  Legal Standard**

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment.

Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] If default judgment is warranted, then the Court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

### ii.   Jurisdiction

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Typically, in a Report and Recommendation on a default judgment motion, I would consider the Court's jurisdiction over Plaintiff's claims and Defendant, and whether service and the entry of default are proper. I would then address Plaintiff's entitlement to default judgment. But as discussed below, I start and end with the question of this Court's jurisdiction.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

### 1. Federal Question Jurisdiction

Plaintiff contends its claims rest on this Court's federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'aris[es] under' federal law within the meaning of § 1331, th[e Supreme] Court has said, if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690–91 (2006) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

Plaintiff asserts that the interpretation of both a federal regulation and a federal endorsement each independently present a federal question for the Court. Dkt. 117 at 2. I disagree. The interpretation of a federal statute, regulation, or endorsement does not automatically present a federal question that creates jurisdiction under 28 U.S.C. § 1331.[4] As courts of limited

---

[4] For example, this action is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a)—though the Plaintiff never explicitly says so—and proceeding under this federal statute does not inherently invoke the jurisdiction of the federal courts. *See Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("[T]he Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.").

jurisdiction, federal courts require an independent basis for jurisdiction even if a federal statute, regulation, or endorsement is present in a complaint. *See, e.g.*, *Pelican Rests., Inc. v. Crazy Flamingo, Inc.*, No. 2:06-cv-211, 2006 WL 3518632, at *2 (M.D. Fla. Dec. 6, 2006) ("The Declaratory Judgment Act is procedural only, and requires an underlying ground for federal jurisdiction."); *Martinez v. Nienhuis*, No. 8:14-cv-2645, 2014 WL 5439772, at *1 (M.D. Fla. Oct. 21, 2014) (finding "a mere reference to federal law is not enough to establish federal question jurisdiction" when complaint contained single reference to 42 U.S.C. § 1983).

Because Plaintiff seems to acknowledge that the federal regulation and endorsement do not *create* a cause of action, Plaintiff recognizes that this action must fall under the latter type of case, where a substantial disputed issue of federal law is a necessary element of a state law claim. Plaintiff tells the Court that the test articulated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), supports its basis for federal question jurisdiction because its claims turn on the interpretation of 49 C.F.R. § 390.5. Dkt. 117 at 2. The *Grable* test asks the Court to consider whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. "[T]he *Grable* test carves a 'special and small category' of cases out

of state court jurisdiction over state-law claims." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (citing *Empire Healthchoice Assur., Inc.*, 547 U.S. at 699). The interpretation of Decedents' status as "statutory employees" under the federal regulation, Plaintiff asserts, is the determining factor here, thereby raising a *substantial* federal question. Dkt. 117 at 2. But "*Grable* emphasized that it takes more than a federal *element* 'to open the "arising under" door.'" *Empire Healthchoice Assur., Inc.*, 547 U.S. at 701 (emphasis added).

First, "[a] federal issue is necessarily raised under § 1331 when it is essential to resolving a state law claim." *Dippel v. BestDrive, LLC*, No. 3:19-cv-01135, 2020 WL 813971, at *2 (S.D. Ill. Feb. 19, 2020) (finding court lacks subject matter jurisdiction over state laws claims when the Federal Motor Carrier Safety Regulations allegedly form the basis for the negligence action). In *Grable*, the Supreme Court noted that the federal issue was an "essential element" of the plaintiff's claim. *Grable*, 545 U.S. at 314–15; *see also Mora v. Royal Palm Country Club of Naples, Inc.*, No. 2:21-cv-430, 2021 WL 3472201, at *2 (M.D. Fla. July 21, 2021) (finding party seeking federal question jurisdiction fails to satisfy the "necessarily raised" portion of the *Grable* test when a court could resolve the claims without deciding the federal issues).

Plaintiff asks the Court to use 49 C.F.R. § 390.5 to read the term "statutory employee" in a contract validly formed under Texas state law.

Dkt. 117 at 2; Dkt. 1 ¶¶ 4, 12; Dkt. 1-1. Plaintiff further asserts that the interpretation is the determining factor in resolving whether coverage exists under the Policy. Dkt. 117 at 2. Not so. The Complaint presents multiple theories under which the Accident is excluded from coverage under the Policy. *See* Dkt. 1 ¶¶ 16–18. Coverage could also be denied based on the theory that the vehicle involved in the Accident was not an insured auto, as defined in the Policy. *Id.* ¶¶ 17, 18. Because this issue could be resolved without deciding the federal issue Plaintiff presents, the interpretation of 49 C.F.R. § 390.5 is not necessarily determinative.

Second, "[a] federal issue is actually disputed when it is the central point of dispute." *Dippel*, 2020 WL 813971, at *3. The Complaint does not contain any factual allegations that demonstrate any Defendants dispute the categorization of Decedents as statutory employees. Though Plaintiff alleges the issue is disputed in the State Lawsuit, Dkt. 117 at 3, the Court cannot read that allegation into this lawsuit because it is not included in the Complaint. Without more, I cannot find the interpretation of 49 C.F.R. § 390.5 is disputed.

Third, "[i]n determining whether a federal issue is substantial, courts consider the 'importance of the issue to the federal system as a whole.'" *Id.* (citing *Gunn v. Minton*, 568 U.S. 251, 260 (2013)). "If an issue is 'fact-bound and situation-specific,' then it is far less likely to be a 'substantial' federal issue." *Gearheart v. Elite Ins. Agency, Inc.*, No. 15-cv-103, 2016 WL 81766, at

*2 (E.D. Ky. Jan. 7, 2016) (citing *Empire Healthchoice Assur., Inc.*, 547 U.S. at 701). "The Supreme Court identified several guideposts that more likely make a federal question substantial: (1) pure questions of law; (2) questions that will control in other cases; and (3) questions in which the government has a strong interest to litigate in federal court." *Mora*, 2021 WL 3472201, at *2. Here, Plaintiff concedes that this issue is "limited only to the interpretation of the employee status of the two [D]ecedents as interpreted under a federal regulation." Dkt. 117 at 3. That admission—that this case raises only a fact-bound and situation-specific analysis—belies Plaintiff's arguments. The resolution of this issue would not affect the federal system as a whole, as it solely requires the interpretation of a term defined under federal law as applied to specific parties. The issue is less than substantial—it involves a fact-specific analysis, it will not control other federal court cases, and it is not apparent that the government would have any interest at all in litigating this issue in federal court.

Fourth and finally, an issue must be capable of resolution in federal court without disrupting the federal-state balance approved by Congress to pass the *Grable* test for federal question jurisdiction. *See, e.g.*, *Mora*, 2021 WL 3472201, at *3. "To the extent federal issues may emerge in the course of litigating state law claims, the Supreme Court has observed that 'state courts are fully capable of resolving federal issues that arise in connection with the state claims before

them.'" *Dippel*, 2020 WL 813971, at *3 (quoting *Burrell v. Bayer Corp.*, 918 F.3d 372, 386 (4th Cir. 2019)). Here too, this balance likely *would* be disrupted if federal courts began handling issues of state law based solely on the inclusion of a federal law, regulation, or endorsement in a complaint. A state court can readily handle the application of a non-complex definition of an employee. It seems the interpretation of 49 C.F.R. § 390.5 is not an issue that qualifies for the "special and small category" of claims carved out of state court jurisdiction by the *Grable* test. Because I do not believe any portion of the *Grable* test is satisfied, I find that Plaintiff has not successfully demonstrated that there is federal question jurisdiction based on an interpretation of 49 C.F.R. § 390.5.

Plaintiff also contends that the interpretation of the MCS-90 establishes federal question jurisdiction. Dkt. 117 at 3–4. In support, Plaintiff cites *Nat'l Specialty Ins. Co. v. Martin-Vegue*, 644 F. App'x 900 (11th Cir. 2016), and *Fowler v. Canal Ins. Co.*, No. 5:14-cv-984, 2015 WL 4656474 (N.D. Ala. Aug. 6, 2015). Dkt. 117 at 3–4. Plaintiff argues that those cases are binding authority that establish federal law controls the interpretation of the MCS-90 endorsement. *Id.* at 4. Plaintiff reads too much into those opinions.[5] Although

---

[5] Nonprecedential appellate opinions and orders are, of course, not binding authority. *See* 11th Cir. R. 36-3; *Grace, Inc. v. City of Miami*, No. 23-12472, 2023 WL 5286232, at *4 (11th Cir. Aug. 4, 2023) (noting that "an unpublished, nonprecedential order . . . is not binding on anyone"). They are persuasive as far as the force of their reasoning allows. *See Grace, Inc.*, 2023 WL 5286232, at *4.

it is true that those courts found the interpretation of an MCS-90 endorsement to be a question of federal law, neither court found that to be a sufficient basis for jurisdiction because both courts had jurisdiction under 28 U.S.C. § 1332—not 28 U.S.C. § 1331. *Nat'l Specialty Ins. Co.*, 644 F. App'x at 906; *Fowler*, 2015 WL 4656474, at *2.

Courts in this District and other jurisdictions have concluded that the inclusion of an MCS-90 endorsement does not necessarily establish federal question jurisdiction—which Plaintiff all but concedes by its reliance on *Nat'l Specialty Ins. Co.* and *Fowler*. *See, e.g.*, *N.H. Ins. Co. v. Champion*, No. 6:12-cv-1832, 2013 WL 12156445, at *4 (M.D. Fla. Nov. 25, 2013) (federal court sitting in diversity in action interpreting commercial automobile insurance policy including MCS-90B endorsement, which is like the MCS-90 endorsement); *Carolina Cas. Ins. Co. v. Ark. Transit Homes, Inc.*, No. 7:10-cv-01614, 2011 WL 7719671, at *5–7 (N.D. Ala. Dec. 22, 2011) (diversity jurisdiction when subject matter of suit is declaratory judgment action seeking determination of parties' rights and declaration that insurance company has no duty to defend or indemnify, even when policy interpreted using definition of "employee" under Motor Carrier Safety Act), *report and recommendation adopted as modified*, No. 7:10-cv-1614, 2012 WL 1340107 (N.D. Ala. Apr. 11, 2012); *Progressive Express Ins. Co. v. Harry's Truck Serv., LLC*, No. 22-cv-5589, 2023 WL 5431286, at *7 (N.D. Ill. Aug. 23, 2023) (collecting cases that "concluded that

the mere inclusion of an MCS-90 endorsement is not a sufficient basis for jurisdiction under *Grable*.”). I agree with those courts.

Thus, even though a case might include a *question* of federal law, the case itself may still lack federal question *jurisdiction*. I find that Plaintiff's attempt to rest this Court's jurisdiction on 28 U.S.C. § 1331 fails. The Court does not have federal question jurisdiction over this action.

### 2.    Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 exists only if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. “There is a presumption that a case lies outside this limited [diversity] jurisdiction and the burden of proving otherwise rests on the party asserting jurisdiction.” *Westland Com. Park v. Arch Specialty Ins. Co.*, 587 F. Supp. 3d 1153, 1156 (S.D. Fla. 2022); *see also Moreno v. Breitburn Fla., LLC*, No. 2:09-cv-566, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (“In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.”). As discussed below, because Plaintiff fails to adequately establish that Defendant Keechi Transport LLC is diverse for purposes of complete diversity of the parties, Plaintiff fails to satisfy its burden and overcome this presumption to be entitled to jurisdiction in this Court under 28 U.S.C. § 1332.

"Since *Strawbridge v. Curtiss*, . . . th[e Supreme] Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state in which each of its members are citizens." *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, No. 617-cv-2131, 2018 WL 1832867, at *1 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, No. 617-cv-2131, 2018 WL 3344549 (M.D. Fla. July 9, 2018). Citizenship is based on an analysis of an individual's domicile, rather than residence. *Id.* "[D]omicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).

"[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "An allegation made 'upon information and belief' concerning the citizenship of a limited liability company's member is generally insufficient to establish that member's citizenship." *Transp. All. Bank Inc. v. Trax Air, LLC*, No. 616-cv-1773, 2017 WL 7355309, at *4 (M.D. Fla. Nov. 20, 2017); *see also Investissement*

*Yves Auclair, Inc.*, 2018 WL 1832867, at *2 ("[A]llegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts."). "Courts look to various factors in determining a person's intent to remain in a state, including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith*, 991 F.3d at 1149.

On March 22, 2024, I ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction. Dkt. 116. In its response, Plaintiff alleged the amount in controversy of the action to be well over $75,000, as it would be $750,000 or up to $1,000,000 depending on the amount of coverage that might be provided by the Policy. Dkt. 117 at 4–5. I find this allegation to be sufficient to meet the amount in controversy component of diversity jurisdiction. *See First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016) ("[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy.").

Plaintiff's response also included an affidavit of Plaintiff's Counsel that attempts to establish the citizenship of each Defendant. Dkt. 117-1. Counsel

stated the state of incorporation and principal place of business of Star K Logistics Corp. to determine it was a citizen of Florida, and that Scott Atkinson and Joseph Ulibarri, Jr. are both domiciled in New Mexico. Dkt. 117-1 at 2. I find these allegations to be acceptable to establish the citizenship of these three parties based on my Order to Show Cause.[6]

But when describing the citizenship of Defendant Keechi Transport LLC, Plaintiff's Counsel is only able to allege the citizenship of Keechi Transport LLC's sole member, Mr. William Bradley Keene, based "[u]pon information and belief." Dkt. 117-1 at 2. Plaintiff provided no records evincing his residency. Further, I find this assertion to be especially curious given the representations in Plaintiff's Motion for Entry of Clerk's Default (Dkt. 111), the instant Motion (Dkt. 114), and Response to Order to Show Cause (Dkt. 117). There, Plaintiff asserts the last two known personal addresses for Mr. Keene are in Texas. Dkt. 111 at 2. And the service list repeatedly includes a Texas address for Mr. Keene. Dkt. 111 at 10; Dkt. 114 at 11; Dkt. 117 at 7.

Without the inconsistencies, I might be willing to accept Plaintiff's Counsel's information and belief as sufficient. But when the information and belief is contradicted by representations the Plaintiff has made to the Court more is needed to establish the existence of diversity jurisdiction by a

---

[6] The jurisdictional allegations in the Complaint for Amazon.com, Inc. and Amazon Logistics, Inc. are sufficient. Dkt. 1 ¶¶ 7, 8.

preponderance of the evidence. It is Plaintiff's burden to demonstrate to the Court why jurisdiction is proper, and Plaintiff could have met this burden by providing jurisdictional facts that indicate Mr. Keene's residency in Florida and intent to remain.

This Court and others have required more to support diversity jurisdiction. *See, e.g.*, *Ramchandani v. Sanghrajka*, No. 617-cv-1848, 2018 WL 4473550, at *1–3 (M.D. Fla. Mar. 1, 2018) (dismissing complaint on *sua sponte* review after response to order to show cause was still insufficient when plaintiffs did not submit affidavit or declaration under penalty of perjury but claimed to be citizens of Virginia but also provided the court with a Florida mailing address), *report and recommendation adopted*, No. 617-cv-1848, 2018 WL 4470357 (M.D. Fla. Sept. 18, 2018); *Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1323 (M.D. Fla. 2012) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.")); *Bryant v. Publix Super Markets, Inc.*, No. 1:20-cv-3916, 2021 WL 2470454, at *4 (N.D. Ga. Mar. 26, 2021) (when a party is listed on background report as having at least three possible addresses in multiple states, the party with the burden of demonstrating domicile must show more to clarify why the court should find a specific address controls).

Absent competent evidence of Mr. Keene's domicile as Florida, I am unable to accept that Plaintiff's allegations alone establish diversity jurisdiction. I therefore respectfully recommend that the Court deny Plaintiff's Motion and dismiss this action for lack of subject matter jurisdiction. *See Ramchandani*, 2018 WL 4473550, at *3.[7]

## III. CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.    Plaintiff's Motion (Dkt. 114) be **DENIED**; and

2.    This case be **dismissed** for lack of subject matter jurisdiction.

---

[7] And I concluded the merits of at least some of Plaintiff's claims are questionable too, although I do not rest my recommendation on this conclusion. For instance, Texas law applies to Plaintiff's state law claims. *See Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 528 (5th Cir. 2023) "Under Texas law, an insurer may have two responsibilities relating to coverage—the duty to defend and the duty to indemnify." *Siplast, Inc. v. Emps. Mut. Cas. Co.*, 23 F.4th 486, 492 (5th Cir. 2022) (quoting *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012)). The duty to defend is determined by the "eight-corners rule," which requires the analysis of the "four corners" of the pleadings in the underlying lawsuit and the "four corners" of the policy. *Id.* A court may not consider "facts ascertained before the suit, developed in the process of the litigation, or by the ultimate outcome of the suit" as part of its duty-to-defend determination. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 99 F.3d 695, 701 (5th Cir. 1996); *see also GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006) (citations omitted). This Court cannot perform the required analysis here as Plaintiff did not attach a copy of the pleadings from the State Lawsuit to its Complaint (or otherwise provide the Court with a copy of those documents) and, as far I can ascertain, the pleadings are not otherwise readily accessible.

## <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on April 29, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Julie S. Sneed

Counsel of Record